IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
UNITED STATES OF AMERICA ex rel.)
KEVIN MEAKENS #R01024,           )
                                 )
            Petitioner,          )
                                 )
     v.                          )   No. 11 C 5825
                                 )
KEITH ANGLIN, WARDEN, etc.,      )
                                 )
            Respondent.          )
```

MEMORANDUM OPINION AND ORDER

Kevin Meakens ("Meakens") has filed a 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition"), challenging his conviction in 2000 on a charge of first degree murder, pursuant to which he is serving a 28-year sentence. This threshold memorandum opinion and order ("Opinion") is prompted by this Court's preliminary review called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules").

Before this Opinion turns to the merits of (more accurately, the lack of merit in) Meakens' Petition, this Court denies Meakens' accompanying application for in forma pauperis treatment. It seems clear that Meakens is under the mistaken impression that he would have to satisfy the ordinary requirement of paying a $350 filing fee up front, so that he has tendered the information that would be required to qualify him for future

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

installment payment of the fee under Section 1915. But the only fee required for such habeas petitions is the modest sum of $5. Accordingly Meakens' application for in forma pauperis treatment is denied, and he is ordered instead to remit the sum of $5 to the Clerk of this District Court forthwith. On, then, to the substance of Meakens' Petition.

What is stated here is perforce based on the limited sources of information available to this Court at the outset, rather than the full deck that would be expected to be provided by the Illinois Attorney General's Office if this case were to reach the Section 2254 Rule 5 stage of proceedings. At this point this Court necessarily works solely from the content of the Petition, supplemented by what it has obtained from the Illinois Appellate Court for the First District--that Court's unpublished August 17, 2010 order ("Order") in its Case No. 1-08-3097, which affirmed the dismissal of Meakens' post-conviction petition that he had submitted to the Circuit Court of Cook County.[2]

Meakens' Petition asserts three grounds for relief:

    1. claimed error by the state trial court in having "denied defendant his right to testify" (Meakens contends that the court never advised him of that right);

    2. claimed ineffective assistance of his trial counsel

---

[2] Petition ¶11(b) has referred to that Appellate Court affirmance.

       in having failed to offer proof of potential defenses or mitigating circumstances through calling Meakens to the stand; and

       3.   claimed ineffective assistance of appellate counsel on Meakens' direct appeal in not having raised the issue of ineffective assistance of trial counsel.

Although Meakens asserts that each of those issues was raised in his post-conviction petition, here is the statement in the Order:

> On appeal, defendant contends that: (1) it was manifest error for the circuit court to find that defendant had been advised of his right to testify at trial; (2) it was manifest error for the court to find that no prejudice resulted from defendant's failure to testify; and (3) he made a substantial showing that trial counsel was ineffective for failing to introduce defendant's testimony regarding self-defense.[3]

Because Ground 3 is conspicuously absent from that listing, Meakens has clearly not met the exhaustion-of-remedies requirement of Section 2254(b)(1)(A) as to that claim. Accordingly Ground 3 must be and is rejected.

To return to Grounds 1 and 2, the Illinois Appellate Court discussed extensively and gave full consideration to the state

---

    [3] [Footnote by this Court] Because this Court has not seen the application for leave to appeal to the Illinois Supreme Court from the Illinois Appellate Court (that was denied on November 24, 2010 in Case No. 111080, reported in table at 238 Ill.2d 666, 942 N.E.2d 459), it is not in a position to determine whether Meakens has satisfied the requirement of prior submission for a full round of state court review, as set out in O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). For present purposes it will be assumed purely arguendo that he has done so.

trial court's evidentiary hearing on Meakens' post-conviction petition there. As its Order stated at page 6:

> He [Meakens] denied that counsel ever told him he had a right to testify at trial. He stated that he did not know that he had a right to testify at trial. If he had known that he had a right to testify he would have testified.

But Meakens' trial counsel (a lawyer with a quarter century's experience, including service as an Assistant Public Defender in the Homicide Task Force before entering private practice in Illinois) flatly refuted that testimony, stating that he *had* discussed the subject of Meakens' right to testify with him, not just once but either twice or three times, and that he had never failed to tell Meakens that he had the right to testify (Order at 7-8).

After considering the testimony in that respect as given during the post-conviction evidentiary hearing, as well as recalling defense counsel's conduct at the bench trial, the trial court expressly found that defense counsel *did* advise Meakens of his right to testify and did not prevent Meakens from doing so (Order at 8-9). Moreover, it credited defense counsel's testimony that after those discussions he expressly gave Meakens the opportunity to make the decision (to testify or not to testify) on his own (Order at 11).

Those credibility determinations were reviewed and upheld by the Appellate Court, which accompanied its determination with a

4

statement of the seminal principles set out in Strickland v. Washington, 466 U.S. 668, 587-88 (1984). And those findings of fact are presumptively correct, although that presumption can be rebutted by clear and convincing evidence (Section 2254(e)(1). That rule has been consistently applied in such cases as Arredondo v. Huibregtse, 542 F.3d 1155, 1167 (7th Cir. 2008) and Ben-Yisrayl v. Buss, 530 F.3d 542, 549 (7th Cir. 2008), with the latter case stating that a "petitioner's challenge to a state court decision based on a factual determination under §2254(d)(2) will not succeed unless the state court committed an 'unreasonable error'" (id.).

There is no way that the Appellate Court's credibility determinations (or the same determinations earlier made by the state trial court) can be labeled as "unreasonable error"--if, indeed, they can be characterized as error at all. This Court sees no basis for ordering a response to the Petition or conducting a fresh evidentiary hearing to question the factual findings. And that, then, cuts the legs out from under Grounds 1 and 2 as well.

With all three of Meakens' grounds having thus been rejected, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" (Section 2244 Rule 4). Consequently the same Rule mandates dismissal of the Petition, and this Court so orders

5

and relatedly directs the Clerk to notify Meakens (id.).[4]

                              */s/ Milton I. Shadur*
                              Milton I. Shadur
                              Senior United States District Judge

Date:  August 26, 2011

---

[4] Just as n.3 has reflected an arguendo assumption in one respect, this Opinion has also assumed arguendo the timeliness of the Petition under Section 2244(d)(1) despite the lapse of so many years since Meakens was convicted. That assumption credits what appears to be an extraordinary period of tolling under Section 2244(d)(2), something that depends on Meakens' post-conviction proceeding having been "pending" before the state trial court from what Meakens reports as its April 14, 2003 filing date (Petition ¶11(a)(3)) to its reported dismissal date of October 24, 2008 (Petition ¶11(a)(8)). If that surprising 5-1/2 year interval is inaccurate, Meakens could well confront a statute of limitations problem as well.