```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
KEVIN MEAKENS #R01024,          )
                                )
          Petitioner,           )
                                )
     v.                         )    No.  11 C 5825
                                )
KEITH ANGLIN, WARDEN, etc.,     )
                                )
          Respondent.           )
```

SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

This supplement to this Court's August 26, 2011 memorandum opinion and order ("Opinion") in this action fortifies the conclusion reached there in a material way. Just after the issuance of the Opinion, this Court's review of one of the cases in our Court of Appeals' most recent batch of slip opinions drew its attention to the Supreme Court's decision last Term in Cullen v. Pinholster, 131 S.Ct. 1388 (2011). Although Cullen produced a group of splintered opinions from the Justices, a clear majority joined in the discussion at pages 1398-1400 that confirmed the weight to be accorded to factual determinations in the course of adjudicating a criminal defendant's claim on the merits. Here is the highly relevant language from pages 1398-99 (the unusually lengthy quotation is prompted by its degree of relevance and probative force in terms of this case):

> If an application includes a claim that has been "adjudicated on the merits in State court proceedings," §2254(d), an additional restriction applies. Under §2254(d), that application "shall not be granted with respect to [such a] claim...unless the adjudication of

the claim":

> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

This is a "difficult to meet," Harrington v. Richter, 562 U.S. --, --, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011), and "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt," Woodford v. Visciotti, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002)(per curiam)(citation and internal quotation marks omitted). The petitioner carries the burden of proof. Id., at 25, 123 S.Ct. 357.

We now hold that review under §2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court.

This understanding of the text is compelled by "the broader context of the statute as a whole," which demonstrates Congress' intent to channel prisoners' claims first to the state courts. Robinson v. Shell Oil Co., 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). "The federal habeas scheme leaves primary responsibility with the state courts...." Visciotti, supra, at 27, 123 S.Ct. 357. Section 2254(b) requires that prisoners must ordinarily exhaust state remedies before filing for federal habeas relief. It would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance

2

effectively de novo.

Although that lengthy excerpt refers to the Section 2254(d)(1) requirement of "an unreasonable application of established law" (the test implicated in Cullen), it seems to apply with equal force to the Section 2254(d)(2) requirement of "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" (the issue posed by habeas petition Kevin Meakens here).[1]  Hence Cullen confirms (indeed underscores) the imperviousness to attack of the state courts' credibility determination adverse to Meakens.

_____
Milton I. Shadur
Senior United States District Judge

Date:  August 29, 2011

---

[1] At least the statutory language "in light of the evidence presented in the State court proceeding" also seems to be "backward-looking language" referring to "the record that was before the state court that adjudicated the claim on the merits."

3