IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
KEVIN MEAKENS #R01024,            )
                                  )
            Petitioner,            )
                                  )
     v.                           )   No. 11 C 5825
                                  )
KEITH ANGLIN, WARDEN, etc.,       )
                                  )
            Respondent.            )

## STATEMENT AS TO CERTIFICATE OF APPEALABILITY

Kevin Meakens ("Meakens") has filed a Notice of Appeal ("Notice") from this Court's August 26, 2011 memorandum opinion and order ("Opinion") that dismissed Meakens' 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition").[2] This Court is obligated under Fed. R. App. P. 22(b) either to issue a certificate of appealability or to state the reasons why such a certificate should not issue.

This Court's Opinion explored in detail each of the three grounds for relief that Meakens had asserted in the Petition and explained that one of those three grounds failed because of Meakens' not having satisfied the exhaustion-of-remedies

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] Although the Notice was not received in the District Court's Clerk's Office until September 27 (more than 30 days after the dismissal order), application of the "mailbox rule" (Houston v. Lack, 487 U.S. 266 (1988)) would appear to save the timeliness of the appeal (Meakens' signature to the Notice is dated September 21, less than 30 days after August 26).

precondition, while the other two grounds were blocked by the Illinois Appellate Court's credibility determinations that could not even arguably be labeled as "unreasonable error" (there was certainly no clear and convincing evidence to the contrary, as Section 2254(e)(1) would require). Accordingly this Court holds that no certificate of appealability should issue. Meakens can of course seek a different ruling from the Court of Appeals.

There is more, however. At the District Court level, Meakens sought in forma pauperis treatment for his Petition because he was unaware that the only District Court filing fee required for a Section 2254 petition is the modest sum of $5. At the appellate level, however, the payment of $455 in filing fees is required unless the appellant qualifies for in forma pauperis status. Meakens has not provided a printout of transactions in his trust fund account for the six-month period from March 21 through September 21, 2011, and he must do so to enable this Court to make the required determination under 28 U.S.C. §1915. Absent such submission on or before October 18, 2011 (which allows ample time for that purpose), Meakens may find his appeal dismissed for failure to pay the filing fee.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 4, 2011